IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL GARECHT, | : | Civil No. 3:20-cv-142 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN FCI ALLENWOOD LOW, | : | |
| Respondent | : | |

FILED
SCRANTON
MAR 20 2020
Per_____
DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Nathaniel Garecht ("Garecht"), a federal inmate confined at the Allenwood Low Federal Correctional Institution ("FCI-Allenwood Low"). Garecht challenges his conviction and sentence imposed by the United States District Court for the Central District of Illinois for distribution of cocaine, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. (*Id.*). Garecht claims that he is entitled to federal habeas corpus relief because he was improperly sentenced in light of the Supreme Court's decision in *Mathis v. United States*, — – U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). (*Id.*).

Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears

that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I.  **Background**

In June 2013, Garecht was charged by indictment in the United States District Court for the Central District of Illinois with distribution of cocaine (count 1), possession with intent to distribute cocaine (count 2), and possession of a firearm in furtherance of a drug trafficking crime (count 3). See *United States v. Garecht*, No. 3:13-cr-30038 (C.D. Ill.) at Doc. 6. In November 2013, Garecht pleaded guilty to all three counts. *Id.* at Doc. 31. At the sentencing hearing, the Court found that Garecht qualified as a career offender under the United States Sentencing Guidelines due to his prior felony conviction for home invasion and his prior felony conviction for aggravated kidnapping and aggravated criminal sexual assault with a weapon. See *id.* at Doc. 60. On February 24, 2014, Garecht was sentenced to a total of 180 months' imprisonment – 120 months on each of counts 1 and 2 to be served concurrently, and the mandatory 60 months on count 2 to be served consecutively. *Id.* at Doc. 42. Garecht did not file an appeal.

Garecht filed two post-sentence motions for reduction of sentence. *Id.* at Docs. 54, 57. The District Court denied both motions. *Id.* at Doc. 60.

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. See R. GOVERNING § 2254 CASES R.1(b).

On June 13, 2016, Garecht moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Garecht v. United States*, No. 3:16-cv-3161 (C.D. Ill.). Garecht argued that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)[2], he did not qualify as a career offender because his prior convictions no longer qualified as crimes of violence under the guidelines. *Id.* Garecht also argued that his home invasion conviction was not a violent felony because the State considered the offense a non-violent offense. *Id.* The United States District Court for the Central District of Illinois dismissed Garecht's § 2255 motion. *Id.* at Docs. 3, 4. The Illinois District Court found that Garecht was not entitled to relief under *Johnson* because, even assuming that *Johnson* applied retroactively on collateral review to defendants sentenced under the career offender guideline, the record demonstrated that Garecht was not entitled to relief because Garecht's prior convictions did not qualify as crimes of violence under the residual clause of the career offender guideline but, instead, the home invasion and aggravated criminal sexual assault convictions qualified as crimes of violence under the elements clause of the career offender guideline *Id.* at Doc. 3.

Garecht subsequently moved in the Seventh Circuit Court of Appeals for leave to file a second or successive motion to vacate, seeking to challenge his sentence under *Mathis*,

---

[2] In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The *Johnson* decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

136 S. Ct. 2243. *Garecht v. United States*, No. 17-1401 (7th Cir.). The Seventh Circuit denied his motion, and found that "*Mathis*, which announced a substantive rule rather than a constitutional rule, is not a basis for authorization [to file a successive motion to vacate under § 2255] because it does not meet the criteria for authorization." *Id.* at Doc. 5.

Garecht filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the career offender sentence enhancement and asserting a right to be resentenced on the grounds of actual innocence of the career offender enhancement. (Doc. 1; Doc. 1-1).

## II. Discussion

It is well-settled that challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* § 2255, an individual is prohibited from filing a second or subsequent § 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, § 2255 is not "inadequate or

4

ineffective" merely because the sentencing court has previously denied relief. *See Dorsainvil*, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d at 1165.

Garecht seeks to vacate and correct his sentence in light of *Mathis*. He cannot do so by means of a § 2241 petition. *Mathis* has not been declared retroactive by the United States Supreme Court or the Third Circuit, nor is it a new rule of constitutional law applicable to cases on collateral review. *See United States v. Peppers*, 899 F.3d 211 (3d Cir. 2019) ("The Supreme Court has never held that *Mathis* . . . appl[ies] retroactively to cases on collateral review"); *Savage v. Warden Fairton FCI*, 752 F. App'x 140 (3d Cir. 2018) (noting that "*Mathis* 'involved statutory interpretation, not a new rule of constitutional law'") (citation omitted). Additionally, Garecht's present claim is not based on a contention that *Mathis* decriminalized the conduct which led to his conviction. Instead, he challenges the basis for his sentence and the sentencing enhancement under *Mathis*. However, the Third Circuit Court of Appeals has not extended the limited *Dorsainvil* exception to include situations where a prisoner is challenging a sentence based on an intervening change in

5

substantive law. *Okereke*, 307 F.3d at 120 (refusing to extend *Dorsainvil* exception to sentencing challenge under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws", citing *Okereke*, 307 F.3d 117); *Parker v. Warden FCI-Schuylkill*, No. 17-0765, (M.D. Pa. Jun. 6, 2017) (dismissing § 2241 habeas petition on screening because *Mathis*-based sentencing enhancement claim is not properly asserted under § 2241); *Jackson v. Kirby*, No. 17-4651, 2017 WL 3908868 (D.N.J. Sept. 6, 2017) (*Mathis*-based sentencing enhancement claim not properly asserted under § 2241). Thus, Garecht fails to demonstrate that his claim falls within the *Dorsainvil* exception.

Garecht's present claims fall within the purview of § 2255. Garecht previously moved in the Seventh Circuit Court of Appeals for leave to file a second or successive § 2255 motion to vacate raising his *Mathis*-based sentencing claim. The Seventh Circuit denied his application for relief finding that *Mathis* did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. The fact that the Seventh Circuit Court of Appeals denied his request to file a second or successive § 2255 motion asserting his *Mathis* claim does not make § 2255 relief inadequate or ineffective. *See Cradle*, 290 F.3d at 539 (petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); *Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (nonprecedential) ("Critically, § 2255 is not inadequate or

ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements.").

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the instant § 2241 petition will be dismissed for lack of jurisdiction.

A separate Order shall issue.

Dated: March 20, 2020

Robert D. Mariani
United States District Judge